IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 10-cv-02568-MSK-BNB

AUGUSTINE ESQUIBEL,

Plaintiff,

v.

AMOS MEDINA, in his official capacity as Sheriff of the Costilla County Sheriff Department,
COSTILLA COUNTY SHERIFF'S DEPARTMENT, and
JAMES CHAVEZ, individually,

Defendants.

_____

**ORDER**

_____

This matter arises on the defendants' **Motion for Stay of Discovery** [Doc. # 40, filed

7/13/2011] (the "Motion to Stay Discovery").  Because the motion seeks a **blanket stay of all**

**discovery** pending a ruling by the district judge on the defendants' motion for summary

judgment based on the defense of qualified immunity, it is DENIED.

The district judge addressed the issue of staying discovery under circumstances such as

these in Rome v. Romero, 225 F.R.D. 640 (D. Colo. 2004), and ruled:

> Although the Supreme Court recognizes that a well-supported
> claim of qualified immunity should shield a defendant from
> unnecessary and burdensome discovery, invocation of the defense
> is not a bar to all discovery.  First, it is essential to recognize that
> because the defense of qualified immunity is limited to particular
> claims against particular individuals, the corresponding protection
> against burdensome discovery is also limited.  The defense is
> available only to individual government officials, not
> governmental entities.  Furthermore, it is applicable only against
> claims for monetary damages, and has no application to claims for
> declaratory or injunctive relief.  Finally, the doctrine is applicable
> only to claims against officers in their individual capacities;

official-capacity claims, being the equivalent of a claim against an
entity, are not subject to qualified immunity.

Even where a qualified immunity defense is asserted, some limited
discovery is still permitted.  As the Supreme Court in <u>Crawford-El</u>
[v. Britton, 523 U.S. 5784 (1998)] observed, qualified immunity
does not protect an official from <u>all</u> discovery, but only from that
which is "broad reaching."  523 U.S. at 593 at n. 14.  Limited
discovery may be necessary when the doctrine is asserted in a
motion for summary judgment on contested factual assertions.  A
plaintiff faced with a defense of qualified immunity in a motion for
summary judgment may also be entitled to conduct discovery to
explore facts essential to justify opposition to the motion as
provided for by Rule 56(f).

<u>Id</u>. at 643-44 (internal quotations and citations omitted except as noted).

In this case, a claim is asserted against Amos Medina, the sheriff of Costilla County,

Colorado, in his official capacity.  <u>See</u> Order [Doc. # 27] at p. 1.  This claim, which is the

"equivalent of a claim against an entity," <u>Rome</u>, 225 F.R.D. at 643, is not subject to the qualified

immunity defense or a stay of discovery based on that defense.  <u>Id</u>.  Nor has there been any

showing in the motion for a blanket stay that the plaintiff seeks to take unnecessary,

burdensome, or broad-reaching discovery, which is the kind of discovery not permitted when

qualified immunity is asserted.  <u>Id</u>.

Defendant James Chavez may seek a protective order, if necessary, to preclude specific

discovery which is unnecessary, burdensome, or broad-reaching.  In this regard, however, I note

that the qualified immunity defense may not be used to prevent discovery, even against a

defendant who may invoke the defense, where the information is "independently discoverable . .

. because the request relates directly to the specific conduct underlying the claims and the

defense of immunity."  <u>Id</u>. at 644.  In other words, a defendant permitted to invoke the defense of

qualified immunity may still be required to submit to discovery as a fact witness concerning the

underlying events.

IT IS ORDERED that the Motion to Stay Discovery [Doc. # 40] is DENIED.

Dated July 28, 2011.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge