**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Honorable Marcia S. Krieger**

Civil Action No. 10-cv-02568-MSK-BNB

AUGUSTINE ESQUIBEL,

      Plaintiff,

v.

COSTILLA COUNTY,
COSTILLA COUNTY SHERIFF'S DEPARTMENT; and
JAMES CHAVEZ, individually,

      Defendants.

_____

**OPINION AND ORDER DENYING MOTION FOR SUMMARY JUDGMENT**
_____

      **THIS MATTER** comes before the Court pursuant to the Defendants' Motion for

Summary Judgment (**# 39**), the Plaintiff's response (**# 53**), and the Defendants' reply (**# 54**).

## FACTS

      The factual record on this motion is decidedly brief.  On October 22, 2008, Mr. Esquibel

was arrested by the Defendant Chavez, a Deputy with the Costilla County Sheriff's Department,

for a traffic infraction and was transported to Costilla County Jail.  According to Mr. Esquibel's

deposition testimony, Deputy Chavez first spoke to him in the Sergeant's Office, and then called

for Nick Daughenbaugh, another Costilla County Sheriff's Department employee, to complete

Mr. Esquibel's booking.  Mr. Esquibel testified that he stood and walked out of the Sergeant's

Office and stood in the hallway, waiting for Deputy Chavez to escort him down to the booking

area.  Mr. Esquibel states that Mr. Daughenbaugh, who had proceeded down the hall in a

different direction to another office "waved [Mr. Esquibel] down," instructing him to proceed

down the hall to the booking area (which is also the direction of the front door of the Sheriff's Office). Mr. Esquibel states that he "took a step or two" in that direction, at which point Deputy Chavez "grabbed me from behind, grabbed me by the back of the jacket, and starting choking me, put his hands around my neck, and flung me around" and "punched me once." As a result of the confrontation, Mr. Esquibel claims he suffered significant injuries.

Mr. Esquibel's Amended Complaint **(# 29)** brings two claims: (i) a claim against Deputy Chavez under 42 U.S.C. § 1983, in that Deputy Chavez used excessive force against him; and (ii) a *Monell* claim Amos Medina, Sheriff of Costilla County (for whom Costilla County itself was substituted as a Defendant), alleging that Sheriff Medina developed and maintain policies that caused Sheriff's Department employees to use excessive force.

The Defendants move **(# 39)** for summary judgment, arguing: (i) Mr. Esquibel cannot show that the undisputed facts support a claim for excessive force; and (iii) the *Monell* claim against the County fails if Mr. Esquibel's direct claim against Deputy Chavez fails.

## ANALYSIS

### A.  Standard of review

Rule 56 of the Federal Rules of Civil Procedure facilitates the entry of a judgment only if no trial is necessary. *See White v. York Intern. Corp.*, 45 F.3d 357, 360 (10th Cir. 1995). Summary adjudication is authorized when there is no genuine dispute as to any material fact and a party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Substantive law governs what facts are material and what issues must be determined. It also specifies the elements that must be proved for a given claim or defense, sets the standard of proof and identifies the party with the burden of proof. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Kaiser-Francis Oil Co. v. Producer's Gas Co.*, 870 F.2d 563, 565 (10th Cir. 1989). A factual

dispute is "genuine" and summary judgment is precluded if the evidence presented in support of

and opposition to the motion is so contradictory that, if presented at trial, a judgment could enter

for either party. *See Anderson*, 477 U.S. at 248. When considering a summary judgment

motion, a court views all evidence in the light most favorable to the non-moving party, thereby

favoring the right to a trial. *See Garrett v. Hewlett Packard Co.*, 305 F.3d 1210, 1213 (10th Cir.

2002).

      If the moving party does not have the burden of proof at trial, it must point to an absence

of sufficient evidence to establish the claim or defense that the non-movant is obligated to prove.

If the respondent comes forward with sufficient competent evidence to establish a *prima facie*

claim or defense, a trial is required. If the respondent fails to produce sufficient competent

evidence to establish its claim or defense, the claim or defense must be dismissed as a matter of

law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

**B. Excessive force**

      For purposes of this action, Mr. Esquibel was a pretrial detainee at the time of the contact

with Deputy Chavez, and thus, his claim for excessive force is assessed under the

"reasonableness" component of the Fourth Amendment to the U.S. Constitution. *Graham v.

Connor*, 490 U.S. 386, 396 (1989); *Porro v. Barnes*, 624 F.3d 1322, 1225 (10th Cir. 2010)

(Fourth Amendment reasonableness standard applies "until formal charges are brought or an

arraignment is held"). The ultimate inquiry is whether the amount of force used was

"objectively reasonable" under the circumstances, without regard to any particular subjective

intent or motivation to officer applying the force may have had. *Id.* at 397. Among the factors

the Court must assess in examining the amount of force used include: (i) the severity of the crime

at issue; (ii) whether the suspect poses an immediate threat to the safety of the officers or others;

and (iii) whether he is actively resisting arrest or attempting to evade arrest by flight.  *Id.*  The Court evaluates those facts from the perspective of a reasonable officer on the scene, mindful of the need for officers to make split-second judgments about the amount of force that is necessary in a particular situation.  *Id.*

As noted above, the Court is required at the summary judgment stage to take the facts in the light most favorable to Mr. Esquibel.  Mr. Esquibel's deposition testimony that Deputy Chavez grabbed him, choked him, put his hands around his neck, "flung [him] around" and "punched him once," as well as apparently striking Mr. Esquibel in the lower back with his knee. In this case, however, there are video recordings of some portions of the contact between the two men, captured on the Costilla County Jail's surveillance cameras.  The Defendants have tendered a copy of those recordings to the Court, and Mr. Esquibel has conceded that the recordings fairly and accurately depict the confrontation.

Having reviewed the recordings, the Court cannot say that, as a matter of law, Deputy Chavez's use of force against Mr. Esquibel was objectively reasonable. Undoubtedly, there is physical contact between the two men – as Mr. Esquibel takes a step towards Mr. Daughenbaugh's office, Deputy Chavez grabs Mr. Esquibel by the arm and pulls him backwards towards the Sergeant's Office, then propels him down the hallway perpendicular to where Mr. Esquibel was originally headed. Beyond that point, it becomes difficult to tell what force is being used by Deputy Chavez, as both men's backs are to the camera and they are receding out of the camera's field of view.  The video does seem to refute some of the more dramatic components of Mr. Esquibel's testimony – it does not appear that Deputy Chavez is ever able to strike Mr. Esquibel in the back with his knee, and although it is possible that Deputy Chavez's hand briefly makes contact with Mr. Esquibel's neck, that contact is almost immediately broken off by Mr.

Esquibel long before anything that could be characterized as "choking" would have occurred. (Admittedly, Deputy Chavez's right hand is difficult to observe throughout most of the incident.) That being said, the Court cannot say that, as a matter of law, the amount of force used by Deputy Chavez was objectively reasonable.  The video does appear to show that  Mr. Esquibel makes contact with walls on both sides of the hallway (although it is difficult to clearly ascertain the degree of force with which Mr. Esquibel strikes each wall), but it is not clear whether this was because, as Mr. Esquibel states, he was "flung" back and forth by Deputy Chavez, or whether he was simply unsteady on his feet as Deputy Chavez propelled him down the hall.  It may be possible that Mr. Esquibel forcefully strikes a door frame as he proceeds down the hall, but it is difficult to tell the force of any such impact or the cause thereof.

The factors enunciated in *Graham* are not particularly helpful in resolving this issue, as they are more concerned with force used to effectuate in the heat of an arrest, rather than, as here, a discrete incident of force being used in an otherwise calm situation.  Nevertheless, to the extent those factors are probative here, it is evident that the non-violent traffic offense (driving without a license) for which Mr. Esquibel was being arrested tips against the appropriateness of any level of force, as does the fact that Mr. Esquibel was not posing any apparent threat to anyone.  There is some intimation in the questioning of Mr. Esquibel at his deposition to suggest that Deputy Chavez might have believed that Mr. Esquibel was attempting to escape out the front door of the jail, but the Defendants do not point to any evidence that would justify that implication (and certainly, nothing in Mr. Esquibel's relaxed manner of movement would suggest an escape was imminent).  All told, then, the *Graham* factors, to the extent they are applicable, counsel in favor of finding that there was little, if any, force that was objectively reasonable in these circumstances.

The Court is mindful of the fact that, by most appearances, the conduct shown in the video clips appears to be little more than pushing and shoving by Deputy Chavez, and that *Graham* counsels that "not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment." 490 U.S. at 396. But the Court is also reluctant to grant summary judgment as a matter of law where, as here, it is somewhat difficult to ascertain from the video precisely what degree of force was used at each step of the encounter and where reasonable minds might differ with regard to whether the amount of force used by Deputy Chavez was objectively reasonable. Because summary judgment is a drastic remedy, reserved for only those cases where no reasonable person could find a basis for the claim, this Court cannot say that the evidence is so overwhelmingly favorable to the Defendants that a trial is unnecessary. It is possible – indeed, it is quite likely – that a jury may agree with Defendant Chavez that the amount of force shown in the video is that which citizens can reasonably expect in these types of encounters with police, but that is a decision for the community, not the Court, to make.

Accordingly, the Court finds that there is a genuine dispute of fact as to whether the amount of force used was reasonable, thus precluding summary judgment in favor of Deputy Chavez. Because the Defendants' argument for summary judgment on the claim against Costilla County was entirely derivative of the claim against Deputy Chavez, summary judgment is denied on that claim as well.

## **CONCLUSION**

For the foregoing reasons, the Defendants' Motion for Summary Judgment **(# 39)** is

**DENIED**.  The parties shall jointly contact chambers as soon as possible to set this matter for a

Pretrial Conference.

Dated this 29th day of March, 2012

**BY THE COURT:**

Marcia S. Krieger
United States District Judge